IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARCUS T. DIXON, #B-66674,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19−cv–00222−SMY |
| | ) | |
| **WEXFORD MEDICAL SOURCE,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **SARAH JOHNSON,** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **JOHN TROST,** | ) | |
| **HALEY DAVIS,** | ) | |
| **GAIL WALLS,** | ) | |
| **MUHAMMAD SIDDIQUI,** | ) | |
| **TONYA SMITH,** | ) | |
| **SHANE QUANDT,** | ) | |
| **SGT. MIGNEREN,** | ) | |
| **JOSE A. DELGADO,** | ) | |
| **C/O RUCKER,** | ) | |
| **C/O KORTE,** | ) | |
| **LIEUTENANT ROBINSON,** | ) | |
| **LIEUTENANT STOCK,** | ) | |
| **KENT E. BROOKMAN,** | ) | |
| **TERRANCE JACKSON,** | ) | |
| **JASON N. HART,** | ) | |
| **DR. ALT,** | ) | |
| **NURSE SMITH,** | ) | |
| **CENTRALIA CORR. CENTER,** | ) | |
| **WESTERN ILLINOIS CORR. CENTER,** | ) | |
| **and MENARD CORR. CENTER,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marcus Dixon, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for miscellaneous alleged violations of his constitutional rights at 3

1

different IDOC facilities. (Doc. 1). He seeks declaratory judgment, money damages, and injunctive relief. (Doc. 1, p. 37).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Discussion**

The Complaint will be dismissed because it violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires Complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(d) requires "simple, concise, and direct" allegations in the Complaint. FED. R. CIV. P. 8(d)(1). The purpose of the Rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff flagrantly disregards Rule 8. The Complaint is far from short, simple, or concise – it spans 63 pages and names 25 defendants for miscellaneous federal and state law deprivations that occurred at 3 different IDOC facilities over the course of 2 or more years. (Doc. 1, pp. 1-39; Doc. 1-1, pp. 1-16). It appears that Plaintiff has thrown every grievance he has filed against prison officials over the course of two years into a single document. For example, Plaintiff complains about the following alleged constitutional deprivations at Menard, among others: inadequate

2

medical care following brain surgery; denial of treatment for injuries he sustained from various falls; unconstitutional conditions of confinement in segregation (multiple instances); mishandling of grievances; denial of due process at multiple prison disciplinary hearings; and various violations of the Illinois Administrative Code. He complains of deprivations at Centralia that include, but are not limited to, the following: denial of adequate follow-up care for an endoscopy; an assault by prison guards; denial of treatment for his related injuries; denial of medical care for injuries he sustained in numerous falls, and deprivation of personal property. Plaintiff also includes complaints that arose at Western Illinois Correctional Center, including the denial of treatment for chronic pain; denial of treatment for internal bleeding; denial of an MRI; denial of prescription refills, and denial of bloodwork.

Plaintiff includes other allegations that he does not associate with any particular IDOC facility. He complains of criminal charges that were brought against him in Chilton County Criminal Court for aggravated battery of a lieutenant at an undisclosed facility (likely Menard) in 2017. He mentions other claims without identifying where or when they arose (given his frequent transfer between IDOC facilities, the Court will not try to guess).

Finally, Plaintiff asserts claims of deliberate indifference to medical needs, unconstitutional conditions of confinement, due process violations, deprivations of his protected liberty interests, deprivations of personal property, excessive force, failure to intervene, intentional infliction of emotional distress, assault, battery, and violations of the Illinois Administrative Code.

Plaintiff seeks a preliminary injunction to address his lingering medical issues, including lingering hip pain, lower back pain, a limp, head pain, stomach pain, and poor vision. But it is unclear whether he still suffers from these conditions or who is responsible for currently denying treatment for them.

While length alone does not typically warrant dismissal of a Complaint, unintelligibility and a lack of organization do. *Stanard*, 658 F.3d a 797-98; *Garst*, 328 F.3d at 378. Plaintiff has buried potentially viable claims in a poorly organized, overly complicated Complaint. The Court cannot expend judicial resources searching for colorable claims. The onus is on Plaintiff to articulate his claims.

Plaintiff also violates the rules of joinder by throwing all of his grievances together in a single Complaint. FED. R. CIV. P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). This will result in severance of his unrelated claims into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g).

For the foregoing reasons, the Complaint does not survive preliminary review and will be dismissed for noncompliance with Rule 8. Plaintiff will have an opportunity to file an amended complaint if he wishes to proceed with this case. However, failure to do so according to the instructions and deadline in the below disposition may result in dismissal of this action with prejudice and a "strike" within the meaning 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for violation of Federal Rule of Civil Procedure 8. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 8, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d

1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00222-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A and to severance of improperly joined claims into new suits under Federal Rule of Civil Procedure 21.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/10/2019**

s/ STACI M. YANDLE
**United States District Judge**