IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCUS T. DIXON, B66674, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00222-SMY |
| | ) | |
| WEXFORD MEDICAL SOURCE, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| KIMBERLY BUTLER, | ) | |
| JOHN TROST, | ) | |
| HALEY DAVIS, | ) | |
| GAIL WALLS, | ) | |
| MUHAMMAD SIDDIQUI, | ) | |
| TONYA SMITH, | ) | |
| SHANE QUANDT, | ) | |
| SGT. MIGNEREN, | ) | |
| DR. ALT, | ) | |
| NURSE SMITH, | ) | |
| and ANGELA CRAIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

This matter is now before the Court for preliminary review of the Amended Complaint filed by Plaintiff Marcus Dixon. (Doc. 17). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center ("Menard") and Western Illinois Correctional Center ("Western"). (*Id*.). He claims the defendants denied him adequate medical care following neurosurgery in 2016. (*Id*. at pp. 1-21). Plaintiff seeks monetary relief. (*Id*. at p. 14).

The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous

1

or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint: On January 28, 2016, Plaintiff was admitted to Saint Louis University Hospital for removal of a tumor from his head. (Doc. 17, p. 10). Plaintiff's neurosurgeon released him ten days later with orders for post-operative placement and care in Menard's health care unit ("HCU"). (*Id.*). Menard officials disregarded the orders. (*Id.*).

On March 4, 2016, Nurse Tonya Smith, Officer Quandt, and Sergeant Migneren transferred Plaintiff to segregation. (*Id.*). Plaintiff soon fainted, hit his head, and sustained further injuries. (*Id.*). When he asked Nurse T. Smith for closer observation and treatment, she denied his request. (*Id.*).

From May 2016 until June 2017, Plaintiff regularly reported dizziness, headaches, stomach pain, and blackouts. (*Id.*). Nurse T. Smith and Haley Davis denied him access to medical care, including follow-up appointments with his neurosurgeon. (*Id.*). Plaintiff filed numerous grievances to report the denial of medical care to Dr. Trost, Gail Walls, Muhammad Siddiqui, Kimberly Butler, Jacqueline Lashbrook, and Angela Crain, but his complaints fell on deaf ears. (*Id.* at pp. 10-13). Dr. Alt and Nurse Smith[1] then prescribed Plaintiff excessive amounts of ibuprofen (400-800 mg), naproxen (750 mg), and Mobic (800 mg). (*Id.* at p. 11). When he was finally allowed to attend a follow-up appointment on August 8, 2017, Plaintiff collapsed in the

---

[1] Nurse Smith and Dr. Alt were employed at Western Illinois Correctional Center. (*Id.* at p. 4). Nurse Tonya Smith and all other defendants were employed at Menard Correctional Center. (*Id.* at pp. 1-4).

2

doctor's office and was admitted to the hospital for treatment of internal bleeding. (*Id*. at pp. 10-13). He blames the defendants, including Wexford, for the denial of post-operative care. (*Id*.).

Based on the allegations, the Court finds it convenient to divide the *pro se* Amended Complaint into the following Counts:

**Count 1:** Eighth Amendment claim against Defendants for denying or delaying Plaintiff's post-operative care following neurosurgery.

**Count 2:** Fourteenth Amendment claim against Defendants for disregarding Plaintiff's grievances regarding the denial of medical care.

**Any other claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

### Count 1

An Eighth Amendment claim based on the denial of medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state such a claim, Plaintiff must set forth allegations describing an objectively serious medical condition and demonstrating that the defendants responded to his medical needs with deliberate indifference. *See, e.g., Burns v. Fenoglio*, 525 F. App'x 512 (7th Cir. 2013); *Jackson v. Hepp*, 558 F. App'x 689 (7th Cir. 2014) (delay in carrying out or disregarding specialist's post-operative care instructions stated Eighth Amendment claim). Plaintiff's allegations support a claim against all defendants except Wexford, a private medical corporation, and therefore, Count 1 will receive further review against them.

Although a claim may arise against Wexford for maintaining an unconstitutional policy, custom, or practice of deliberate indifference, Plaintiff must set forth allegations suggesting that

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

his denial of medical care resulted from one or more of these policies, customs, or practices. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013). Plaintiff only vaguely alludes to Menard's practice of understaffing the HCU. (Doc. 17, p. 13). However, he suggests no connection between staffing decisions and the denial of his care. Accordingly, Count 1 will be dismissed without prejudice against Wexford.

**Count 2**

Plaintiff's allegations do not support a Fourteenth Amendment due process claim against the defendants for disregarding his grievances because prison grievance procedures are not constitutionally mandated. Therefore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Accordingly, Count 2 will be dismissed with prejudice.

**Disposition**

**IT IS ORDERED** that the Amended Complaint (Doc. 17) survives screening under Section 1915A, as follows: **COUNT 1** will receive further review against **ALL DEFENDANTS** *except* **Wexford Health Source**, and **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to **TERMINATE** Defendant **WEXFORD HEALTH SOURCE** as a party in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **LASHBROOK, BUTLER, TROST, DAVIS, WALLS, SIDDIQUI, SMITH, QUANDT, MIGNEREN, ALT, SMITH,** and **CRAIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 17), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order</u>**.

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change

in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/9/2019**

                                          s/ STACI M. YANDLE
                                          **STACI M. YANDLE**
                                          **United States District Judge**

**NOTICE**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.